### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| SANDRA S. FUENTES, | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | CASE NUMBER: 1:21-cv-00890 |
| | § | |
| NORTH CAROLINA FINANCIAL | § | |
| DATA, LLC d/b/a | § | |
| FINANCIAL DATA SYSTEMS, LLC, | § | |
| *Defendant* | § | DEMAND FOR JURY TRIAL |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Sandra S. Fuentes ("Plaintiff" or "Fuentes" herein), brings this action against Defendant, North Carolina Financial Data, LLC d/b/a Financial Data Systems, LLC ("Financial Data" or "Defendant" herein), and will show as follows:

### PRELIMINARY STATEMENT

1. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), for damages and other relief for the Defendant's violations of the FDCPA primarily in connection to the improper collection of time barred consumer debt without proper disclosure. There is also an alleged violation of failure to accurately report credit information.

1

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. § 1692 *et seq.*

3.  Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. §1391(b)(2) because the acts and transactions occurred in this district.

## STANDING

4.  Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

5.  Plaintiff further suffered a concrete injury because of Defendant's violations contained herein.

6.  Plaintiff further suffered a concrete injury because of Defendant's failure to confuse and mislead Plaintiff and the failure to provide truthful and accurate information in connection with attempts to collect an alleged consumer debt from Plaintiff.

## THE PARTIES

7.  Plaintiff, Sandra S. Fuentes, is an individual who resides in a geographical area within the Austin Division of the Western District of Texas.

8.   Defendant, North Carolina Financial Data, LLC d/b/a Financial Data Systems, LLC, is a foreign corporation based in North Carolina that is authorized to do business in Texas. Service may be completed on the following registered agent:

> CT Corporation System
> 1999 Bryan Street, Suite #900
> Dallas, Texas 75201

## FACTUAL ALLEGATIONS

9.   Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

10.  Plaintiff incurred an alleged debt for goods and services for personal, family, or household purposes, with regards to certain medical services that she received from Austin Gastroenterology on four different dates (collectively "alleged debt" herein).

11.  The alleged debt is a "debt" as that term is defined by §1692a(5) of the FDCPA.

12.  Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it subsequently went into default.

13.  The alleged debt was subsequently transferred to Financial Data, a debt collector.

14.  Financial Data regularly collects or attempts to collect defaulted consumer debts by using the telephone and mails.

15.  Financial Data is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

3

16. On or about June, 2021, Financial Data transmitted credit information regarding the alleged debt to Transunion, and specifically listed the accounts as unpaid and delinquent.

17. In addition, representatives from Financial Data have initiated at least four different phone calls to Plaintiff on July 15, 2021, July 21, 2021, September 9, 2021, and September 15, 2021, respectively, and further left voice messages regarding the alleged debt ("Voice Messages" herein).

18. On at least one occasion, Financial Data left a voice message seeking to settle one or more of the underlying accounts of the alleged debt for a reduced amount. However, the voice message contained no disclosure concerning the age or unenforceability of the subject account.

19. On or about August 21, 2021, Plaintiff sent a formal dispute ("Dispute" herein) to Financial Data by electronic transmission (Exhibit A incorporated by reference herein). Moreover, in Exhibit A, Plaintiff specifically disputed the reporting of the alleged debt on her credit reports.

20. On or about September 2, 2021, Financial Data communicated to Transunion information regarding the alleged debt, but it failed to communicate that there was a dispute of the alleged debt.

21. On or about September 29, 2021, in response to a phone call from Financial Data, Plaintiff contacted Financial Data by phone and requested verification of the alleged debt. The same day, Financial Data send an itemization ("Itemization" herein) to Plaintiff's email (Exhibit B that is partially redacted in accordance with FRCP 5.2).

22.  The bottom of the Itemization states: Total Due on All Accounts: $562.72.

23.  The Itemization indicates that the dates of service of the alleged debt (four accounts) range from August of 2015 to March of 2017. Consequently, all four of the underlying accounts/ alleged debt are time barred and unenforceable under the four-year Texas statute of limitations (Tex. Civ. Prac. & Rem. Code Ann. §16.004(a)(3)), which provides that a claim breach of contract must be brought not later than four years after the day the cause of action accrues.

24.  Plaintiff alleges that the Voice Messages were false and misleading to the unsophisticated/least sophisticated consumer because it offered to settle a debt for a reduced amount but failed to disclose in any way a) that the alleged debt was time barred debt and unenforceable, and b) that any partial payment could reinstate the applicable statute of limitations. *See Daugherty v. Convergent Outsourcing,* Inc., 836 F.3d 507 (5th Cir. 2016).

25.  Plaintiff alleges that the Itemization was also false and misleading to the unsophisticated/least sophisticated consumer because it listed "TOTAL DUE ON ALL ACCOUNTS: $562.72", but it failed to disclose a) that the alleged debt was time barred debt and unenforceable, and b) that any partial payment could reinstate the applicable statute of limitations. *See Daugherty v. Convergent Outsourcing,* Inc., 836 F.3d 507 (5th Cir. 2016).

26.  The Voice Messages and initiating calls were a "communication" as that term is defined in 15 U.S.C. §1692a(2).

27.  The Itemization was a "communication" as that term is defined in 15 U.S.C. §1692a(2).

## COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

28.  Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

29.  **15 U.S.C. §1692(e)(2)(A) and (10) of the FDCPA provide as follows:**

**FALSE OR MISLEADING REPRESENTATIONS**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of—**
**(A) the character, amount, or legal status of any debt;**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

30.  Plaintiff alleges that Financial Data violated sections (2)(A) and (10) of 15 U.S.C. §1692e with the Voice Messages by seeking the collection and settlement of the alleged debt that was time barred under Texas statute of limitations a) without disclosing that the alleged debt was time barred, b) without disclosing that a partial payment on the time barred alleged debt could restart the statute of limitations.

31.  Plaintiff alleges that Financial Data violated sections (2)(A) and (10) of 15 U.S.C. §1692e with the Itemization by seeking the collection of the alleged debt that was time barred under Texas statute of limitations a) without disclosing that the alleged debt was time barred, b) without disclosing that a partial payment on the time barred alleged debt could restart the statute of limitations.

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT- 15 U.S.C. §1692e(8)

32. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

33. 15 U.S.C. §1692e(8) of the FDCPA provides as follows:

### FALSE OR MISLEADING REPRESENTATIONS

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

34.  Financial Data violated 15 U.S.C. §1692e(8) by failing to communicate the alleged debt was disputed when it communicated credit information to Transunion on or about September 2, 2021.

## COUNT III—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

36. **15 U.S.C. §1692(f) of the FDCPA provides as follows:**

   **UNFAIR PRACTICES**

   **(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

37. Plaintiff alleges in the alternative that, to the extent that the Voice Messages do not violate sections (2)(A), and (10) of 15 U.S.C. §1692e, they constituted unfair practices in so much as it used unfair and unconscionable means to collect a time barred debt without disclosing the debt is time barred and unenforceable, without warning the Plaintiff of the danger of a partial payment reinstating the statute of limitations, and without providing the date of the original charges and delinquency date.


## TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

38. Plaintiff requests the Court issue a Temporary Injunction and Permanent Injunction under the FDCPA that orders Financial Data to correct the improper reporting of the alleged debt on all of the credit bureaus of Plaintiff.

## REQUEST FOR ATTORNEYS' FEES

39.  Plaintiff seeks reasonable attorneys' fees as per the FDCPA and any other statutory or common law basis.

## TRIAL BY JURY

40.  Plaintiff is entitled to and hereby demands a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Sandra S. Fuentes, prays that the Defendant, North Carolina Financial Data, LLC d/b/a Financial Data Systems, LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, as follows:

a.  The Court award Plaintiff actual and additional/statutory damages pursuant to 15 U.S.C. §1692(k)(a)(1) and (a)(2);

b.  Temporary injunction be issued, and upon final hearing a Permanent Injunction be issued, requiring Defendant Financial Data to correct the improper reporting of the alleged debt on all of the credit bureaus of Plaintiff;

c.  The Court award Plaintiff, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a)(3) and any other applicable statute or legal basis;

d.  The Court award Plaintiff, prejudgment, and post judgment interest as allowed by law;

e. The Court grant Plaintiff, such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com

Attorney for Plaintiff
*Sandra S. Fuentes*